HEARD APRIL TERM, 1874.

## WILSON *vs.* HARPER.

Where an instrument is sued upon as a single bill and the issue is as to defendant's sealing, the question is one of fact for the jury, and it is error to take that question from them, leaving them nothing to do but to calculate the amount due by the terms of the instrument.

A copy of a bankrupt's schedule is, by itself, incompetent evidence; so, also, is it incompetent against one not a party to the record.

BEFORE COOKE, J., AT ANDERSON, FEBRUARY TERM, 1874.

This was an action by Amanda C. Wilson, against John Harper, upon an instrument alleged in the complaint to be the single bill of the defendant.

The instrument is in words and figures as follows:

"$850.

"Twelve months after date we, or either of us, promise to pay Joseph C. Eaton, or bearer, the sum of eight hundred and fifty dollars, for value received, with interest from date.

"Witness our hands and seals, this the 27th day of December, 1858.

(Signed)          "A. W. RICHARDSON, [L. s.]
                       "J. M. CARPENTER,    [L. s.]

"Signed in presence of us, in the 2d instant:
         "JOHN HARPER,
         "A. W. GUYTON,
         "W. L. SMITH.
"Test: W. J. ROBINS."

The answer admitted defendant's signature, but denied the scaling, and alleged that the instrument was defendant's promissory note, and, as such, was barred by the Statute of Limitations.

The plaintiff offered in evidence a certified copy of schedule A of W. A. Richardson's bankrupt record, filed March 10th, 1868, in which the note sued on is described, and set down as a debt due by him. The copy was received in evidence against defendant's objection.

For the defense, W. T. Robins testified that the defendant, A. W. Guyton and W. L. Smith were not parties to the instrument when it was executed by A. W. Richardson and J. M. Carpenter; that they signed it in the fall of 1860, when Carpenter was about to remove from the State.

His Honor instructed the jury "that the note sued on is a sealed instrument, according to the laws of South Carolina, and all you have to do is to count the interest and ascertain the amount due."

The defendant excepted to the instruction and requested the Court to charge:

1. That the paper sued on cannot be held to be a sealed instrument, without evidence of defendant's intention to seal, no seal being annexed to his signature.

2. That it is a question of fact for the jury to decide from the evidence whether the defendant adopted, or intended to adopt, the seal of the parties, or either of them who signed before him, or otherwise to bind himself by a seal; that the intention to seal or not to seal is a question for the jury.

His Honor declined so to charge, and defendant excepted.

The verdict was for the plaintiff, and defendant appealed.

*Reed & Brown,* for appellant.

*Whitner,* contra.

June 29, 1874.　The opinion of the Court was delivered by

WRIGHT, A. J., [who, after stating the case, proceeded as follows] : Whether an instrument is to be regarded as a specialty, and entitled to the priority and privilege which attaches to instruments of that rank, depends on the intention of the maker, and this is to be inferred from the circumstances attending its execution, both as regards the manner of the signing and the purposes the parties designed to effect by it.　Even where the mode of execution can scarcely leave a doubt that the creation of a specialty was intended, and was, in fact, fulfilled by the use of expressions, coupled with a seal, or a sign, or a symbol, adopted and substituted in the place of one, it is not a question of law for the Court, but of fact for the jury.　The intention is to be collected from all the evidence offered in the case, and the conclusion is to be drawn from it whether the party who signed did anything to show that his design was to execute a paper which was to operate as a specialty.　If it were a matter to be decided by the mere inspection of the Court, the absence of a single formal requisite to the constitution of the instrument, as a specialty, might defeat the purpose of the parties that it should so take effect, while the deficiency might be supplied by testimony, to be passed on by the jury, showing that the seal of one of the signers opposite to his name was adopted by all of the others as their seals, though there might be nothing affixed to their names denoting such purpose.　If a conclusion is to be derived from the mere inspection of the paper, it is not perceived how it could be considered a specialty as to the said Harper, the party sued.　There is nothing which could affect him with the liabilities which follow an obligation of that character, except that it contains the words, " witness our hands and seals."　The effect of these, as to each signer, must be tested and measured by the testimony.　The question of intention, always the one of material significance, where a party is alone charged, by reason of his adopting the act of another, is indispensable in the case before us, where it is in evidence that Harper was not one of the original drawers of the note, but that he, with Guyton and Smith, nearly two years after the execution of the single bill by Richardson and Carpenter, signed it as surety for Carpenter, and that Robins was the subscribing witness to their signatures. The conclusion of the presiding Judge, leaving nothing to the jury on the case as presented but the calculation of the amount due,

was error, and at variance with the course and practice of our Courts.—*Relph & Co.*, vs. *Gist*, 4 McC., 267; *McKain* vs. *Miller*, 1 McM., 313; *Gramlin* vs. *Woodward*, 2 Rich., 621; *O'Cain* vs. *O'Cain*, 1 Strob., 402.

The objection made by the appellant, in regard to the admission of the copy of the schedule in the bankrupt proceeding of Richardson, in which the note is set down as a debt due by him, must be sustained. The paper was in no way admissible. Besides, being but a part of the whole record, to which Harper was in no way a party, it was but the declaration of Richardson, and until a joint interest was *prima facie* shown to exist between Harper and himself it could not charge or prejudice the latter.—1 Greenleaf, 177.

The motion for a new trial is granted.

*Moses*, C. J., and *Willard*, A. J., concurred.